As you're getting started, by the way, I understand your firm has taken this case pro bono, and you have the Court's immense gratitude for having done so. Thank you, Your Honor, and it's really our pleasure to do so. May it please the Court, Tom Hazlett for Plaintiff Appellant Wardell Giles. May I reserve three minutes for rebuttal, Your Honor? Certainly. In fact, I might suggest to you you take even more than that, five minutes, because I think based on the questions we're going to ask of Mr. Connell that you may want to respond to some of those. Happy to follow the Court's suggestion, Your Honor. First, I do want to thank the Court for the rescheduling of today's argument on such short notice. It was very much appreciated. This appeal concerns the District Court's denial of Mr. Giles' motion to substitute the estate of Defendant Gary Campbell. Officer Campbell was the correctional officer. We got the facts. Sure, Your Honor. Sure. Weren't you on – Mr. Campbell died, what, July 2nd of 2006? It was July 2nd of 06, Your Honor. That's correct. Right. And weren't you on constructive notice that he had died based on the Register of Wills public notice? That's certainly arguable, Your Honor. Our position is, and I think the law supports it, that even with that constructive notice, that the case against Officer Campbell had been pending against him from when Mr. Giles first filed his complaint and that under Title 12 of the Delaware Code, Section 2104, that there was no other action that Mr. Giles or his counsel needed to take to otherwise put the estate on notice that the claim was pending. And we asked you if you'd take a look at the Fifth Circuit case from 1971 called Ransom. And it looks – if we were to follow Ransom, that you have to give a notice not under Rule 5, that is a notice of a motion, which is your sort of typical, but that you'd have to give a Rule 4 notice, in effect, Rule 4 service. And that wasn't done here. Well, Your Honor, two points. First of all, given the role that defendants' counsel has taken in this case in terms of in the continuing proceedings before the district court, before this court on the first appeal as to Officer Campbell and the other correctional officer co-defendants, and back down to proceedings before the district court, and even here today on this appeal, service is effective – can be effective on counsel if counsel is either expressly or impliedly authorized to accept service. And I think given the circumstances of this case, there's certainly a good case to be made that the lawyers involved on the other side have been impliedly representing – authorized to accept service on behalf of the estate. Second – Well, isn't that contrary to our precedent? I'm looking at a case right now, Bass v. Satardi, which says that the attorney-client relationship ceases at the death of the client. That's – I completely agree with that, Your Honor, and I think we even had a statement to that effect in our opening brief, but I think that that sort of cuts both ways because it begs the question of exactly who are counsel at the other table representing here today if they are not – Well, we can ask them that, but you still need to answer why they're – why the estate's in the case when you never effectuated service against the estate. It's CivPro 101, isn't it? You initiate process by serving a summons. Sure, Your Honor. First of all, this issue was not raised in the district court below, so I think that it's been waived. How can a party who's never been brought into a case waive personal jurisdiction? A party has been involved in this case in defending this case and defending this appeal without having ever raised personal jurisdiction in service of process as a defense, and those are waivable defenses. They've never been raised before the opening briefs to – defendant's opening brief to this court. But I don't know. Let me give you a hypothetical that illustrates my concern with that notion. If a party is never validly served and some lawyer shows up and you serve that some lawyer, are you arguing that that lawyer can waive arguments on behalf of the apparent or putative party it's representing, even if that putative party is entirely unaware of the action and has never been brought into the action? I mean, that seems like a recipe for a pretty serious due process violation. I don't disagree with Your Honor about that point. I think that if the facts are the case, and I don't think there's anything in the record on this issue one way or the other, that the estate or the administrator of the estate has no idea that this proceeding was going on, that counsel never reached out to them, that there was no papers in Officer Campbell's files when the administrator of the estate took over to indicate that this case had been filed against him, and it's absolutely a metaphysical fact that the estate and the administrator had no notice that this case is pending or was ever pending, then that might implicate some due process concerns. However, here the circumstances were, at the time that Officer Campbell died, there was a case pending against him. He had been granted summary judgment, but as we all know, summary judgment is not a final summary judgment, especially in circumstances like this where you had multiple defendants, is not a final judgment. There is still the possibility of appeal. An administrator exercising fiduciary duties to administer someone's estate should either know or should get advice that that's the case. Counsel, should we just simply, for lack of a more legal term, send it back for a do-over, get the proper parties before the court, and then whatever happens, happens? Your Honor, that's the other thing. Something similar to what Ransom did. Yeah, I mean, that's the other thing I was going to say, Your Honor, is that ultimately what the court did in Ransom is to say, essentially, this got messed up. It's not the fault of the plaintiff. The plaintiff was doing its best to do what it could, and the court, in fact, said that service was sufficient in that case, and sent it back to the district court to allow the plaintiff to serve under Rule 4 with original process. That result, I think, is appropriate in this case if the court reaches that conclusion, and I think that that's certainly something that Mr. Giles would be willing to undertake to do if the court finds that that's necessary. I mean, the other approach would be you remand it back to the district court and say, look, find out when Ms. Hodes was representing or purporting to represent Campbell during the time of the district court and during the proceedings and also on the field before us whether, in fact, she was authorized to represent the estate at that time. But what we're suggesting, if you follow Ransom, it seems to be an easier way out of Dodge. I think that's right, Your Honor. I mean, I think as a practical matter, there was never any withdrawal of – I mean, there still has not been a withdrawal of appearance in either the district court or before this court. So in terms of those background facts of, you know, have the lawyers – did the lawyers ever reach out to Ms. Selby, the administrator? That certainly is something that could be explored at the district court level. I mean, because – I mean, your argument on waiver makes – would make perfect sense if it was understood – if everybody understood at the time that Ms. Hodes, the attorney back in 08, 09, was – actually knew that she was representing the administrator of the estate. Well, you know, I think – I think this does get back to an issue Judge Shigaris raised, which is that a lawyer whose client dies no longer has a client. So I think that there – there is some estoppel or a waiver effect of defense counsel continuing to oppose the motion for substitution to – But the district court should sort all that out in the first instance. Well, that might very well be so, Your Honor. You would need – almost – Findings. Findings of fact. That could very well be so, Your Honor. I mean, you might – you might be right. But if you send back and just say, hey, look, as Judge Shigaris says, it's – and Ransom says, this is a do-over. The court gives you a sufficient period of time within which to serve under Rule 4 and you go ahead and do that, or you don't do it. Yeah, no. That's – that is certainly an outcome that this court could – could order. I think the concern is whether that would – whether the district court would then – if that – if that technical issue in terms of perfecting service of process is resolved, that would still leave the issue of whether or not this case was pending. We'll deal with that. And why don't we hear from – on the pending issue from your opposing counsel, and then we'll get you back on the puddle on that. Thank you, Your Honor. Mr. O'Connell. Good afternoon. My name is Ryan Connell, and I represent the named appellees in this case. So if you represent the named appellees in this case, you're now representing, say, the estate – the administrator of the estate? Your Honor, the named appellees in this case, according to the appellant's opening brief, were Robert Cassas, Charles Steele, and they continue to name Gary Campbell. I would concede that it is impossible to represent a dead man. However – And Cassas and Steele, there's no live case or controversy with respect to them. I would concede that. However, the named appellants – or the named appellees in this case are Cassas, Steele, and Campbell. That's who were named in the opening brief in this case. Gary Campbell died on July 2nd of 2006, and a suggestion of death was filed, what, 33 months later? I believe we filed the suggestion of death when this was remanded. That was in October of 2006. Why didn't you file it back in 2006? Well, Your Honor, I can't quite – I can't – I realize you weren't there. But why wasn't it filed by the AG's office back then? My best explanation for that, Your Honor, would be that our office represents institutional clients. In this case, all of these defendants – at one point, there were probably about a dozen defendants in this case. And by statute, our office represents these institutional clients who are state employees. I would present that it's a little different than when a client comes into a law firm and is paying the bill. It's just – it's a little bit different kind of representation. I think, ideally, we would have withdrawn our representation from Mr. Campbell. Because at some point, it dawned on somebody that we have to file a suggestion of death. So it happened at some point. Right. And I believe that happened right after this case was remanded to the district court. So at that point, it came to – I would suppose it came to somebody's attention. Which could lead one to believe that you decided to play the ace card only if you had to play it. Well, Your Honor, at that time, in the intervening time, Mr. Campbell was out of the case. He had been granted summary judgment. I don't think it would have come to any – But the 09 case, he – I mean, the decision of our court purported to deal with three defendants. Yes, Your Honor. And so he wasn't really – I mean, yes, on June 28th of 04, he was on the one claim – I guess the excessive misclaim. It was a ruling in his favor. But you're not asking that he take an interlocutory appeal at that time, were you? No, Your Honor. I – I mean, the appeal was filed, what, in 07? The appeal was filed in 07. That's correct. So – and that's the right time to file the appeal. Otherwise, it would have to have been interlocutory, and we would have – the district court wouldn't have granted it, and that would have pretty much been the end of the story. We'd have to wait until after all three persons are in – you have the deliberate indifference claim, and it had to have been taken care of. That's correct. So under Swartz v. Meyer, it seems pretty simple that the case was still pending as of the time of Mr. Campbell's death in July 2nd of 2006. Well, Your Honor, in the Swartz case, the court used Black's Law Dictionary. Now, here, this is a case interpreting Delaware law, and under 1 Delaware Code 303, words and phrases are to be construed according to their common and approved usage of the English language. Black's Law Dictionary is common and approved. I mean, Delaware – I'm from Delaware, and we cite Black's Law Dictionary every now and then. I would argue that – I think. Our position would be that a more common street dictionary, like an Oxford Dictionary or something like that, would control, as opposed to a more legalistic dictionary like Black's. And Oxford defines pending as awaiting a decision, and at that point, Campbell had been given a decision. And he was awaiting a decision from the appellate court. At that point, an appeal had not been filed, so a reasonable – So the day a final judgment order enters from a trial court and the case is not pending, even though the time to file an appeal has not expired? Under Delaware law, we would argue that that case was not pending. I agree, a final judgment order – What case supports that position? There's no case law interpreting – this is an issue of first impression of Delaware law, but we're trying to construe 1 Delaware Code 303 with the other parts of the Delaware Code. Delaware Code is very pro-wrapping up of states in a timely manner. This would completely go against the policy of Delaware law. Delaware law is very inclined towards – So the case was live, right? It was on, it was about to be appealed, so you're saying there's a difference between pending and live, I guess? I'm sorry, I guess I don't understand that question. It's a live case, isn't it? There was plenty of time to appeal, it was appealed, it was considered by this court and remanded. Are you saying in that time period, there's some time where it's not pending? Well, I agree that there was no final judgment, but we're trying to look at this from the estate, the administrator of the estate's perspective. If you're administering an estate, at that point, you know that your, the decedent had been granted summary judgment. Nothing had gone on in the case with respect to Mr. Campbell for a number of years. So the administrator calls the litigator and says, so I don't have to worry about this anymore. And the litigator says, well, the other side has 30 days to appeal, so let's wait and see if they file an appeal. And if in 30 days they don't file an appeal, we're in the clear. And if they file an appeal, then we're in jeopardy again. That may be, but nonetheless, only Mr. Giles could have known that he was intending to file an appeal, and he knew that Mr. Campbell had passed away. So under Delaware law, it was his duty to file that lawsuit and serve that notice within the statute of limitations period. He knew, and nonetheless, he failed to serve the estate. Did they know about the death? I didn't notice in the record that that was clear one way or the other. Well, as of the bench trial, which was in November of 2006, I believe it's in the transcript that Mr. Giles stated that he knew, on page 33 of the transcript, Mr. Giles stated that he understood that Mr. Campbell was deceased. It's not up to him to file the suggestion of death. It's up to you. I would disagree with that, Your Honor. Under the rule, under Rule 25, either party can file a suggestion of death. There's no duty on one side or the other to file the suggestion of death. Any party. Any party can file a motion for substitution. But it doesn't say necessarily who files the suggestion of death. The suggestion of death. I mean, I suppose you're probably right, I mean, impliedly, but it could be the reason for any party to file a motion for substitution. The other side, your side, may never want to file it. The reason for the suggestion of death would be to put the other side on notice. However, Mr. Giles knew, and Mr. Giles was represented by counsel, this was in the news, they knew that Mr. Campbell had been murdered. If that's the case, then why did you ultimately file a suggestion of death 33 months after Mr. Campbell died? I would suppose that's because when it came back on remand, that was the first step that the deputy who was assigned the case took. I mean, was it missed before, I mean, based on your, was it missed beforehand or was it done figuring, well, they already knew, who cares? Do you have any idea why it was, what took so long? Your Honor, reading back on the briefs from the first appeal, I would, I can't really speculate, but it looks like both parties just sort of proceeded as if nothing had happened in that case. I don't know why. Okay. I mean, because, I mean, maybe it was just because it was under, what, 12 Del Code, maybe somebody hadn't focused on that. Although, Ms. Hodes, is she still with the AG's office? She still is, I believe. Yeah, I mean, she's an exceptionally good attorney. I, you know, I don't want to get into assuming what went through her mind, but I would think maybe as the appeals lawyer assigned to that, she just looked at the records of the case and probably, you know, we, like I mentioned before, we represent institutional defendants. I probably don't interact with my defendants probably as much as an attorney in private practice, because while we say in 1983 we're representing them in their individual capacities, ultimately, it's just a different form of representation, because at the end of the day, it's still probably going to be the state of Delaware that pays out. I understand. But your job is to represent the Department of Corrections, in effect. That's correct. You give advice. But when they get sued, you then represent the individuals. That's right. We represent individuals, but it's... But in this case, let's just go to the end game. If they didn't file or serve under Rule 4, and if we were to follow the Fifth Circuit Ransom case from 1971 and say, hey, they should have served under Rule 4, not merely filed a or served under Rule 5, Ransom says you get a do-over. Well, Your Honor, in that case, Ransom was interpreting Texas law, which gave a reasonable period of time. In Delaware law, it gives a set number of months, with an exception for cases pending. Under 8113, there's no exception for pending cases under the statute of limitations under 10 Delaware Code 8113. I would agree that under 2102, there's the pending. But 8113 does not provide that a claim pending against an individual must be refiled. Well, 8113 is a general statute of limitations for servicing or for serving the... It really seems like it's... You look to 2104, it's eight months, unless you've been under the exception, there's an exception for cases pending. Was this case pending on July 2nd, 2006? And it seems like the easy answer is it has to be yes. If it's not yes, then there was an obligation of Mr. Hazlitt's client to file an interlocutory appeal, and the chances of that succeeding were slim and none, and slim left the building. I don't believe that Mr. Hazlitt's client needed to file an interlocutory appeal. He merely needed to serve notice of the claim upon the estate, then they could have continued, and then they could have taken their appeal. But they did need to put the... Why is the obligation his to serve a notice on the estate? Usually what happens is you say, hey folks, just to let you know something, one of my file the estate, in effect, and you need to serve the estate. Well, Your Honor, we weren't seeking to exercise jurisdiction over the estate. Only Mr. Giles could have known that he was going to appeal. Only Mr. Giles could have known his future strategy. It was public record that Mr. Campbell had passed away. So at that point, Mr. Giles and counsel may have known that they were going to appeal, and if they wanted to appeal later, they needed to file their claim and put the estate on notice. You weren't around at 06, so this is... But the implication of what you're saying comes back against you. The implication of what you just said to me is, hey, we didn't have to do anything at 06, it's up to him, let's just see if he can slide by, we won't say anything. And then after you lost an appeal, then you decide, okay, now we'll say something. I mean, I would... I'm not accusing you of that, but you can understand what you just said gives the implication that could be the case. I've conceded that our best practice would have been to file the suggestion of death in a more timely manner. However, what I won't concede is that Mr. Giles did not know and that he could not have served the estate in a timely manner. As we've argued, he knew as of the time of his bench trial. If he served as of that date, in fact, after a few months after that, he would have been timely. So I would argue that it was a harmless error on our part. So everybody went along, both sides went along. Isn't that the picture we have? So if both sides went along, sort of blissfully unconcerned with the procedural formalities here, why shouldn't we just do what Judge Chigueras suggested when Mr. Hazlett was up here and just send it back so it can be done according to Hoyle? Well, Your Honor, if this goes back, I don't think the statute of limitations issue is going to go away on this. Like I said, Texas law provides a reasonable period of time. I quite agree with you, but isn't it then the district court's obligation to say, okay, here's an opportunity for Giles to serve the process, get the estate in the case properly, and then you all can have a disagreement in front of the district court regarding whether the case against your client should go forward in light of all that has transpired since he passed away. And the district court will be required to make findings of fact and then explain itself. I agree that you could remand it, but I think the record is clear. I don't know if there's any facts that need to be found about when service, I mean, service still has not occurred in there. If you look at the docket, it's quite clear they've never served it. But you're standing here. I mean, you're standing here telling us you represent a dead man, which, but then you told us, first you stood up and said you're representing the three named appellees, right? That's correct. Two of whom there's no live case or controversy because they've prevailed. Yet they were named. There's no live case or controversy extant against those two defendants. At this point, the case has not been resolved against them. It's still on appeal. I can see that they're not appealing any issues with regard to them, but they're still named. They're still out there. We have to see this through until they're off the docket. But do you disagree that there's no live case or controversy with respect to Cassas and the other one whose name is escaping me? Mr. Steele. Steele. It looks at this point, the only issues that they've raised on appeal have to deal with Campbell. All right. In brief. And he's deceased. That's correct. So you've got three named appellees, two of whom have no live case or controversy, one of whom is deceased, and you're not representing the estate, or are you? At this point, we don't have an attorney-client relationship with the estate. However, like I've tried to explain, our role in state government is a little bit different. At the end of the road, we could still end up, the state of Delaware could end up holding the bag for this. I appreciate that. And I understand it's not the same in a private law firm, but that the differentness of your representation does not vitiate the obligation that a lawyer actually represent a client as opposed to representing a formless void or some inchoate interest of the state of Delaware. I mean, you still have to have a client with a live case or controversy, right? I would suppose that's correct. Can I ask another question? I wonder whether resort to Delaware law is even necessary. When I look at Rule 25A1, it starts off with, if a party dies and the claim is not extinguished, and then it goes on. So rather than discussing about pending, isn't the federal rule the one we ought to be looking at about whether the claim is extinguished or not under federal law? I mean, that's the rule that the district court, I guess, relied upon to deny ordering substitution. We would argue that the claim did become extinguished when it was not served within the period of time that was necessary. And I would also point out in Rule 5, the court may order substitution. But there's no time limit on Rule 4. How could it be extinguished? I mean, that part's pretty clear. Well, the case was extinguished because Mr. Giles did not serve the estate within the statute of limitations. So at which point that case becomes, his claim becomes extinguished. He waived the statute of limitations argument. He never made that argument. Well, the estate could not waive. The estate was, their motion to substitute was denied. The estate was never brought in. How would the estate oppose that? No, no, you're bringing up the statute of limitations argument now. On behalf of somebody, you're saying the named party, which isn't the estate, I guess, although you filed a suggestion of death, which means it probably, who in the heck knows. I mean, it's becoming a procedural map, morass. But the point is, you had to make, once you were representing the appropriate party, the statute of limitations defense claim. And I don't think you, when did you first time, when was the first time you brought that up? It was never necessary to bring it to district court because the district court never substituted the estate from the outset. I mean, if the estate. But you made it before us, right? That's correct, because we think the record can support that legal argument. But you can't make it for the first time on appeal. Our understanding is that this court can make a ruling that's supported by the record. There's no additional fact-finding necessary on this. Look, the final question is, isn't the easy way here to remand, similar to what Ransom had done, and say, hey, you didn't serve under the proper rule. There is no time deadline under the proper rule. And therefore, you have X period, whatever the district court gives you, time to serve the estate under Rule 4. No, because Delaware law would still control that, and they're out of time under Delaware law. But what Delaware case supports your view on that? We have to interpret Delaware. The Delaware 8113, the code supports that. I just said to you, 8113 does not provide that a claim pending against an individual must be refiled against the estate once the defendant dies. So 8113 probably is not applicable. 8113 requires that the claim be served upon the estate. You just said you're not here representing the estate is what you just said before. Or are you now representing the estate? If this got remanded. Someone will be representing the estate. These are the arguments that will be made at the district court. So I think our position is it doesn't make sense to send it back to the district court based on the record, because these arguments, someone will become counsel for the estate, and these arguments will be made. So at this point, the record is before this court. At this point, the first issue is to get personal jurisdiction correctly. Which they can't get at this point. They sure can if we follow Ransom. But Ransom was interpreting Texas law pursuant to 42 U.S.C. 1988. I understand, but what I'm saying is I don't see any support for your position under Delaware law. Delaware law says you've got eight months unless a case is pending. This case, in my view, not speaking for my colleagues, was clearly pending on July 2, 2006. And so the only thing that they didn't do technically correct was serve under Rule 4, and Ransom says you get it, Judge Chigares' word, you get a do-over. I guess our disagreement would be Texas left for a reasonable period of time. So in that case, they could go back and they could say, okay, you have a quote reasonable period of time. In this case, Delaware law provides for eight and 12 months respectively. The eight and 12 months have passed, so I guess that would leave ‑‑ where do we go from there? Eight and 12 months from the decedent's death. Why don't we hear back from Mr. Haslund on the phone. Thank you, Your Honor. Just a couple brief points. Judge Amber, I think Your Honor is exactly right that 8113 is not applicable to this case. That portion of the Delaware statute of limitations addresses providing plaintiffs an extension when they have yet to file a claim against someone. There's an extension built in so that they can raise that claim against the estate. Here, Mr. Officer Campbell had been sued during his lifetime, so there's no issue there. I think to the extent that the court is leaning towards remanding to allow Mr. Giles to affect service under Rule 4, I think it is important that the court clarify that the district court got the meaning of the word pending wrong because that way we will ‑‑ You're arguing that the district court misinterpreted it as Swartz. Correct, Your Honor. Swartz providing an easy to grab definition of what the word pending in the Delaware Code 2104 means. Because I think that that would obviate these issues in terms of whether there are the eight‑month notice was required under 2102, whether 8113 is applicable or is not applicable. I think it would be unfortunate if we went back, served the administrator of the estate with the summons, and the district court were to say that the case was still extinguished by 2102 or by 8113. Unless the court has any other questions, I'll sit it back down. Thank you to both counsel. We'll take the matter under advisement.